O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDGARDO DIAZ, | ) | Case No. CV 21-00211 DDP (GJSx) |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **ORDER GRANTING DEFENDANT TESLA ENERGY OPERATIONS, INC.'S MOTION TO COMPEL ARBITRATION** |
| TESLA ENERGY OPERATIONS, INC., | ) ) | |
| Defendants. | ) ) | [Dkt. 14] |

Presently before the court is Defendant Tesla Energy Operations, Inc. ("Tesla")'s Motion to Compel Arbitration. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following Order.

**I. Background**

In 2015, Plaintiff, a resident of Maryland, signed a "Power Purchase Agreement" (the Agreement), under which Solar City, a Tesla entity, would install solar panels on Plaintiff's home. (Complaint ¶ 9.) Under the Agreement, Plaintiff would not own any of the equipment, but would instead pay Tesla for solar panel-produced electricity at a pre-arranged rate. (Id.)

The Agreement includes an arbitration provision within a section titled, "Applicable Law; Arbitration" ("the Arbitration Provision"). (Declaration of Brionne Collins, Ex. 1.) The Arbitration Provision states that the Agreement shall be governed by the law of the customer's home state, and that "any dispute, claim, or disagreement . . . shall be resolved exclusively by arbitration" administered by JAMS (formerly Judicial Arbitration and Mediation Services, Inc.). (Collins Decl., Ex. 1 at 10.) The Arbitration Provision also invokes JAMS' "Streamlined Arbitration Rules." (Id.)

In 2020, Plaintiff attempted to refinance his home mortgage and discovered that a credit report furnished by non-moving Defendant Equifax Information Services, LLC ("Equifax") listed a debt owed to Tesla. (Complaint ¶ 10.) Plaintiff disputed the report, but was informed by Equifax that the report was accurate, and would continue to list an unsecured loan from Tesla with a balance of approximately $21,000. (Complaint ¶¶ 11-13.) Plaintiff alleges that this loan item reduced his credit score, impaired his ability to obtain credit, caused him significant stress and lack of sleep, and interfered with his personal relationships and his ability to perform work tasks. (Compl. ¶ 14.)

Plaintiff's Complaint alleges a cause of action under the Fair Credit Reporting Act against both Tesla and Equifax, and a cause of action under California Business & Professions Code Section 17200 against the former alone. Tesla now seeks to dismiss or stay all claims against it, pursuant to the Arbitration Provision of the Agreement.

**II.  Legal Standard**

2

The Federal Arbitration Act ("FAA" or "Act") requires courts to enforce covered arbitration agreements according to their terms. Lamps Plus, Inc. v. Varela, 139 S. Ct. 1407, 1412 (2019) (citing 9 U.S.C. § 2). "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT&T Techs., Inc. v. Comm'ns Workers of Am., 475 U.S. 643, 648 (1986) (citations omitted). "The court's role under the Act is [ ] limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000)). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." Id.

The "party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." Ashbey v. Archstone Property Mgmt., Inc., 785 F.3d 1320, 1323 (9th Cir. 2015). "When determining whether a valid contract to arbitrate exists, [courts] apply ordinary state law principles that govern contract formation." Davis v. Nordstrom, Inc., 755 F.3d 1089, 1093 (9th Cir. 2014) (citing Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778, 782 (9th Cir. 2002)). When the court is satisfied that an agreement to arbitrate exists, the policy favoring arbitration comes into play, and "ambiguities about the scope of an arbitration agreement must be resolved in favor of arbitration." Lamps Plus, 139 S. Ct. at 1418-19.

3

**III. Discussion**

As stated above, the Arbitration Provision purports to apply to "any dispute, claim, or disagreement" between Plaintiff and Tesla. Plaintiff does not dispute that he entered into the Agreement, nor that the phrase "any dispute, claim, or disagreement" covers Plaintiff's credit reporting issue. Plaintiff instead argues, by reference solely to California rather than Maryland law, that portions of the Arbitration Provision are unconscionable and, therefore, unenforceable. (Opposition at 5.)

As an initial matter, Plaintiff's contention that a single unconscionable provision "in an arbitration agreement would render the arbitration agreement unenforceable in its entirety" is an overstatement, even of California law. (Opp. at 11:14-15.) "[A]s a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract." Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445 (2006). "California law grants courts the discretion either 'to sever an unconscionable provision or refuse to enforce the contract in its entirety.'" Ingle v. Cir. City Stores, Inc., 328 F.3d 1165, 1180 (9th Cir. 2003) (quoting Cir. City Stores, Inc. v. Adams, 279 F.3d 889, 894 (9th Cir. 2002)). Although Plaintiff is correct that the court in Adams did invalidate an entire dispute resolution agreement, it did so not because a single provision was unconscionable, but because "the objectionable provisions pervade[d] the entire contract." Adams, 279 F.3d at 896.

More fundamentally, although Plaintiff here does assert that several of the Arbitration Provisions are substantively unconscionable, the Arbitration Agreement delegates decisionmaking

4

authority over questions of unconscionability to the arbitrator.[1] The Arbitration Provision states that JAMS Streamlined Arbitration Rules shall apply.  One of those rules provides that "arbitrability disputes, including disputes over the . . . validity . . . of the agreement under which arbitration is sought . . . shall be submitted to and ruled on by the Arbitrator." (Declaration of Marc C. Mao in Support of Motion, ¶ 6.)  Certain "gateway" issues, including the validity of an arbitration agreement, may be delegated to an arbitrator, provided that an agreement "clearly and unmistakably" delegates such authority. Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015).  The Ninth Circuit has held that the incorporation of a third party arbitration organization's rules "constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." Id.  Accordingly, this Court cannot reach Plaintiff's unconscionability arguments, which must instead be presented to the arbitrator.

**IV. Conclusion**

For the reasons stated above, Tesla's Motion to Compel Arbitration is GRANTED.  All claims against Tesla are dismissed, pending arbitration.

IT IS SO ORDERED.

Dated: September 1, 2021

DEAN D. PREGERSON
United States District Judge

---

[1] Plaintiff's argument regarding procedural unconscionability is based solely upon the contention that the Power Purchase Agreement is a contract of adhesion, without reference to Maryland law.

5